## NOSLER v. HUNT.

1. **Pleadings: EXHIBITS.** When an answer sets up, as a counterclaim to plaintiff's cause of action, the breach of covenants in a deed, a copy of the deed should be appended to such pleading as an exhibit.

2. **Covenant: BREACH: SEIZIN.** When a failure of title has been such as to cause a technical breach of a covenant of seizin, but not such as to visit upon the purchaser any loss of the lands, he may be entitled to nominal damages in an action thereon, but cannot recover, as damages, the amount of consideration paid.

*Appeal from Polk District Court.*

TUESDAY, APRIL 4.

THIS suit is founded upon a note, executed by the defendant to plaintiff, August 30, 1859, for $557.75, drawing ten per cent interest until paid. Defense, failure of

consideration, arising from want of title in the plaintiff to the land sold to the defendant, and for which the note in question had been given; also a counterclaim for damages, based upon a breach of the covenants of the deed; to which the court sustained a demurrer. The cause was referred, and the referee found the following facts:

1st. That the note in controversy was given for the purchase-money (in part) of the north half of the south half of the southeast quarter of section number twenty-six (26), in township number eighty (80) north, range twenty-five (25) west of 5th P. M.

2d. That said land was sold to defendant by plaintiff on 10th March, 1858, for $600.

3d. That the note was executed on August 30th, 1859, and was given for the amount then remaining due and unpaid thereon, after having deducted $50, theretofore paid in exchange of horses.

4th. That the defendant entered into possession of the land so sold in 1858, under such sale, and has retained possession ever since, and is now in possession thereof.

5th. I find the title to the said land to be as follows: November 18th, 1848, it was entered by Pleasant Fouts, who, on November 2d, 1854, conveyed the same to W. H. McHenry, in trust, to pay certain debts therein named, with power of sale, at public or private sale, as to said W. H. McHenry should seem most advisable for his, Fouts', interest. That, on 30th March, 1855, the said McHenry sold the said land to John Nosler, and executed a deed to him, which does not express in its body who the parties thereto are, but contains the clause, "I hereby convey to John Nosler," &c., and is signed, "Pleasant Fouts, by Wm. H. McHenry, trustee."

The certificate of acknowledgment attests that "Wm. H. McHenry, who is personally known to be the identical person who signed the above deed as grantor," &c.

That, on March 10th, 1858, the plaintiff conveyed the said land to defendant, and covenanted, by his deed, "to warrant and defend the said premises against the lawful claims of. all persons whomsoever."

6th. I find that the amount which will be due upon the said note, on the first day of. the January Term, 1863, of this court, will be seven hundred and thirty-seven $\frac{40}{100}$ dollars.

7th. I find, from the foregoing facts, as conclusions of law, the following:.

1st. The covenant, "to warrant and defend the said premises against the lawful claims of all persons whomsoever," in the deed of plaintiff to defendant, embraces within it, and is a covenant of, 1st. Seizin; 2d. Right to convey; 3d. Freedom from incumbrances; 4th. Quiet enjoyment; and 5th. Indemnity against eviction by title paramount. 5 Iowa, 621.

2d. I conclude that the deed of Pleasant Fouts to plaintiff, of 30th March, 1855, is an imperfect execution of the trust, and that the title, at law, did not pass by the conveyance made by McHenry, trustee, in the name of Fouts, the grantor, to him.

3d. I conclude that the covenant of seizin was broken in the said deed of plaintiff to defendant, from the date of its execution.

4th. I conclude that Wm. H. McHenry, having acted as trustee in the conveyance of said land to plaintiff, although in the name of Fouts, grantor, is thereby estopped from asserting any title to said land, or from disposing of said land to others who might assert a paramount title thereto. 1 Sto. Eq. Juris., § 385. And I therefore conclude,

5th. That the present case is an exception to the general rule, that a breach of covenant of seizin entitles the covenantee to recoup or recover the price paid for the land with interest, and does present the case of a technical

breach only; the covenantee having received the possession of the land, and remained undisturbed in it, and the title-holder being estopped from asserting title thereto. Rawle on Cov. for Title, 100, 101.

6th. I conclude that the consideration for said note hath not wholly failed: the possession and covenants of warranty furnished a consideration therefor.

7th. I conclude that, under the plea of total failure of consideration, the defendant may show a partial failure of consideration.

8th. That the defendant hath shown a failure of consideration to a nominal amount only, being nominal damages, which he may recoup for the breach of the covenant of seizin.

9th. I conclude that the recoupment of nominal damages on the breach of covenant of seizin, is not an estoppel against any further action for a breach of covenant for quiet enjoyment, or of indemnity against eviction by title paramount.

10th. I recommend to the court to render judgment for plaintiff for $737.40, being the amount due on said note, less nominal damages of six cents, which judgment I recommend the court to order to draw interest, according to the rate in the contract, ten per cent per annum; and that the court render such judgment without prejudice to any right of action of the defendant against the plaintiff upon any covenant of the warranty, except only the covenant for seizin.

S. V. WHITE.

Against the motion of the defendant, to set aside said report as erroneous in its conclusions of law upon the facts found, the court entered judgment for plaintiff agreeably to the recommendation therein contained, and thereupon the defendant appealed.

*Dorr & Bartle* for the appellant.

*M. D. & W. H. McHenry* for the appellee.

LOWE, J. — *First.* It is objected that a demurrer to the defendant's pleading, setting up a counterclaim, was sustained. The counterclaim, thus set up and plead, had its foundation in the breaches of the covenants of a deed of conveyance, and, therefore, such deed, or a copy thereof, should have been annexed, as an exhibit, to the pleadings. Rev., §§ 2920, 2963. A failure to do so was one ground of the demurrer. The defendant, without supplying the omission, thought proper to stand upon the order sustaining the demurrer. The objection is without force, and is accordingly overruled.

*Second.* It is objected that the court refused, upon the defendant's motion, to set aside the report of the referee, but affirmed the same, rendering judgment thereon for plaintiff. It is understood that the error here suggested and insisted upon goes chiefly to the points, that the facts found by the referee show that the title at law of the land sold and conveyed by the plaintiff to the defendant (and for which the note sued was given), was not in the former at the time of the sale, but still remained technically in McHenry, the trustee of Fouts, who attempted and intended to convey the legal title to Nosler, but failed to do so, because of an informal execution of the deed, resulting perhaps from negligence or accident.

It is claimed that, such being the case, it follows, as a conclusion of law, from the referee's own finding of facts, that the consideration of the note sued is wanting, and that the defense plead should be sustained. But it is very well replied to this, that the defect complained of consisted simply in the informal manner in which the deed from the trustee to the plaintiff was executed; that it is not one that

can ever result in disturbing the defendant in the quiet possession of the premises which he is now enjoying; that Fouts, McHenry, Nosler, and all who should hold under them subsequent to plaintiff's deed to defendant and his possession thereunder, would be concluded from setting up any title to said land; that the defendant is the real owner, and would have no difficulty in compelling a correction of his title, at the expense of the party in fault, after his attention is called to the matter. Nevertheless, it is confessed that the facts show that here has been a technical breach of the covenant of seizin, which, although not expressed on the face of the deed, has been held under our statute to be concluded in the covenant of warranty; and whilst this would entitle the covenantee to nominal damages, which were awarded him, it would not give him the right to recover the whole of the consideration-money as the measure of his damages.

On this subject, Rawle on the Covenants of Title, pp. 100, 101, holds this language: "In cases where the failure of title has been such as to cause a technical breach of the covenant of seizin, yet not such as to have visited upon the purchaser any loss of the land, it would be obviously inequitable that he should be entitled to have the damages measured by the consideration-money, and, while receiving them, still retain the land for whose loss they were intended as an equivalent."

Believing no error has intervened in the trial of this case, the judgment is                                    Affirmed.

Cole, J., having been of counsel, took no part in the trial hereof.