## GIFFORD v. FERGUSON.

1. **Practice:** TIME OF OBJECTIONS. The Supreme Court will not consider objections not legitimately presented to, and passed upon by, the court below.

2. **Covenant:** TECHNICAL BREACH. A merely technical breach of the covenant in a deed does not entitle the grantee to a rebate of interest in an action to foreclose a mortgage executed for the purchase-money.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 28.

THE case is this: In April, 1857, the defendant purchased of the plaintiff's intestate, while in life, the S. E. ¼, sec. 22 (except 11 acres in the N. W. corner thereof), and N. ½ of N. E. ¼ sec. 27, all of township 78, range 22 west, amounting in the aggregate to 229 acres, for the sum of $3,140—$2,000 of which was paid down in cash, a deed executed and delivered to the vendee, who gave a mortgage back on the same land, to secure the balance of the purchase-money, being $1,140. This suit is brought to foreclose this mortgage. The defense set up is, that the

plaintiff's intestate (Nosler) had no title to the tract of land first above described; that the consideration of the note and mortgage therefor had failed; that he would not have purchased the second except in connection with the first tract, and he asks that the whole contract be annulled, and that he be reimbursed the money paid, &c.

It seems that Nosler had purchased this land of a man by the name of Young, he of Parkinson. Parkinson obtained the title of one J. M. Barnard, who entered the land of the government. The only defect in the title, when Nosler sold to defendant, was a failure or neglect to have recorded the deed from Barnard to Parkinson, and in the deed from Parkinson to Young, an omission to describe the township and range in which the tract in question was situated.

Upon the coming in of the defendant's answer, the plaintiff filed a supplemental bill, making defendants thereto the parties to these several conveyances, and asking that the omissions or defects complained of be supplied.

Upon due notice, they failed to appear, default was entered, and the errors corrected. The court then entered judgment for foreclosure for the amount of the note and mortgage, with the accruing interest, but taxing the costs of the proceedings to the plaintiff, and thereupon the defendant appeals.

*Sibley & Polk* for the appellant.

*Phillips* for the appellee.

LOWE, J. — Among the errors assigned, is the objection, that the court refused to dismiss the petition, original and supplemental, for the alleged reason that it was multifarious, and, also, for the additional reason that it showed a misjoinder of parties. The record fails to show that any application, by motion, demurrer, or

1. PRAC-TICE: time of objections.

otherwise, was made to the court below for this purpose. These defects in the pleadings were not legitimately raised and passed upon below, and, therefore, are precluded from consideration here.

We discover no error in overruling the motion for a new trial. But it is insisted that inasmuch as the title to one of the tracts was found to be defective, and not corrected till at the trial of this cause, that the court should have rebated the interest which had accrued upon said claim prior to such correction. The evidence shows that the defendant took possession of the mortgage premises immediately after his purchase, and has had undisturbed use and possession of the same ever since; that the defect in the title, of which he complained, relates only to the first of the above tracts described, which is chiefly timber, and uncultivated, except six or eight acres that were inclosed, and had been tilled; that he obtained from it his firewood, and had made and removed therefrom no inconsiderable amount of rails; that it does not appear that he ever proposed or offered to pay the debt at any time before suit was brought. These facts, taken in connection with the character of the infirmity of the title; that the same was not vital; that it consisted simply in neglecting to record one deed, and to designate in another the township and range in which the land was situated, furnish but slight grounds for the rebatement of the interest. Having had possession of this land all the while, the use thereof, according to the testimony of the defendant himself, has been worth to him no small amount. In equity, at least, he has had all the title that any one has ever had in this land. If the defect in the title, of which he complains, amounts at all to a breach of the covenant of seizin, it is purely technical, and if he had brought his action upon said covenant for damages, certainly his recovery would have been merely nominal. As illustrative of this

2. COVE-
NANTS:
technical
breach.

point, see *Nosler* v. *Hunt*, 18 Iowa, 212. The judgment is

Affirmed.

COLE, J., being of counsel, took no part in this case.