SHORTHILL ET AL. v. FERGUSON ET AL.

1. **Conveyance**: BREACH OF COVENANT: DAMAGES. Where the validity of a conveyance was dependent upon the contingency of proof of the grantor's title, subsequently to be made, it was *held* that there was a breach of covenant of warranty for which the grantee was entitled to the same damages as if the failure of the title had been absolute.

2. —— : —— : MEASURE OF DAMAGES. The measure of damages, in an action by the vendee of the original grantee against the latter's grantor, is the sum named in the deed of the latter, with interest from the date of the conveyance to the vendee.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 5.

THE defendant, George W. Ferguson, sold the N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ Sec. 3, 86, 29, in Webster county, Iowa, to one Johnson, and conveyed the same to him by deed, with covenants of warranty and of right to convey, the consideration expressed in the deed being five hundred dollars, although in fact it was much less. Said Johnson sold the same to plaintiffs, Albert E. Shorthill and Caroline A. Shorthill, and conveyed the same by deed, with covenants of warranty and of right to convey. At the time the plaintiffs bought they were shown the deed from Ferguson to Johnson. The land is wild. The plaintiffs aver that neither Ferguson nor Johnson had any title to the land at the time they conveyed respectively, and claim to recover of Ferguson the sum of five hundred dollars and six per cent interest. The defendant's title to the land, so far as he had any, was derived from Webster county, the same having been sold and conveyed by said county as swamp land. The case was tried by the court, and the court found that the title to the land was in dispute and was uncertain, it not being determined whether the land was swamp land or not; that the defendant was not possessed of a good and indefeasible title at the time of conveyance, and plaintiffs had a right of action against him for breach of covenant. The court further found that the plaintiffs were entitled only to such actual damages as they had then sustained, to-wit: attorney's fees and costs

of suit. Judgment for plaintiffs for fifty dollars and costs. Plaintiffs appeal.

*J. C. Wyllis*, for appellants.

*Caswell & Meeker* and *Henderson & Norton*, for appellees.

ADAMS, J.—I. The plaintiffs, to sustain the issues on their part, offered in evidence a certified abstract from the Commissioner of the General Land Office, Washington, D. C., as follows:

C. 　　　　　DEPARTMENT OF THE INTERIOR,
　　　　　GENERAL LAND OFFICE, May 1st, 1874.

I, W. W. Curtis, Acting Commissioner of the General Land Office, do hereby certify that the annexed is a true and literal exemplification from the records of this office of Sec. 3, Tp. 86 N., Range 29 west, Iowa.

In testimony whereof I have hereunto subscribed my name, and caused the seal of this office to be affixed, at the City of Washington, on the day and year above written.

$\{$ L. S. $\}$ 　　　　　W. W. CURTIS,
　　　　　Acting Commissioner
　　　　　Of General Land Office.

TOWNSHIP 86, RANGE 29.

| DESCRIPTION OF TRACT. | | | | CONTENTS. | | TO WHOM PATENTED. |
|---|---|---|---|---|---|---|
| Part of Section. | Sec. | Tp. | R. | Acres. | 100ths. | |
| N. W. $\frac{1}{4}$ N. E. $\frac{1}{4}$ | 3 | 86 | 29 | 35 | 23 | |
| E. $\frac{1}{2}$ N. E. $\frac{1}{4}$ | 3 | 86 | 29 | 74 | 99 | |
| N. E. $\frac{1}{4}$. N. W. $\frac{1}{4}$ | 3 | 86 | 29 | 35 | 46 | Selected for the Dubuque and Pacific Railroad and Branch, under Act of May 15, 1855, approved December 27th, 1858. |
| W. $\frac{1}{2}$. N. W. $\frac{1}{4}$. | 3 | 86 | 29 | 75 | 70 | |
| S. E. $\frac{1}{4}$ S. W. $\frac{1}{4}$ | 3 | 86 | 29 | 40 | | |
| N. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$ | 3 | 86 | 29 | 40 | | |
| S. $\frac{1}{2}$ S. E. $\frac{1}{4}$ | 3 | 86 | 29 | 80 | | |
| S. W. $\frac{1}{4}$ N. E. $\frac{1}{4}$ *N.* $\frac{1}{2}$ *S. E.* $\frac{1}{4}$ | 3 | 86 | 29 | | | |
| N. E. $\frac{1}{4}$ S. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$ S. W. $\frac{1}{4}$ | 3 | 86 | 29 | 120 | | Selected by the State as swamp land, March 6, 1857, approved June 25, 1866, List No. 6. Except N. 1-2 S. E. 1-4 and S. E. 1-4 N. W. 1-4. |
| *S. E.* $\frac{1}{4}$ *N. W.* $\frac{1}{4}$ | 3 | 86 | 29 | | | |
| *N.* $\frac{1}{2}$ *S. E.* $\frac{1}{4}$ | 3 | 86 | 29 | | | Within 15 miles limit of the Iowa Falls & Sioux City Railroad. |
| *S. E.* $\frac{1}{4}$ *N. W.* $\frac{1}{4}$ | 3 | 86 | 29 | | | |

Shorthill v. Ferguson.

The defendant objected to the admission of the abstract, but the court overruled the objection and admitted it. We are of the opinion that it was admissible as *prima facie* evidence that the land did not pass under the swamp land grant. The burden of proof was then cast upon the defendant to show that it did. As no such proof was offered by defendant, the plaintiff was entitled to recover. It is true the title to said land might be perfected in plaintiffs if the same could be proven to be properly swamp land, and it is for this reason that the District Court held that plaintiffs could recover only attorney's fees and costs. But we are of the opinion that the plaintiffs have a right under their covenants to a title, the validity of which is not subject to the contingency of making such proof, and, inasmuch as it appears that they have not acquired such title, they may recover the same damages which they would be entitled to if the failure of title had been absolute.

*1. CONVEY-ANCE: breach of contract: damages.*

II. What then is the measure of the plaintiffs' damages? Are they limited to the amount of the real consideration received by defendant from his grantee, Johnson, or may they recover the amount as expressed in defendant's deed to Johnson? Parol proof of consideration to contradict that expressed in the deed is admissible as between the original parties, but it is not admissible in a suit against the original grantor by one to whom his grantee has transferred the land. *Greenvault v. Davis*, 4 Hill, 643. We are of the opinion, therefore, that the plaintiffs are entitled to recover upon tender of conveyance to defendant the sum of five hundred dollars and interest thereon at six per cent from the date of their deed. We do not think they should be allowed interest from date of defendant's deed, because while the defendant may be presumed to have received payment for the land at that time, the plaintiffs are entitled to recover only their actual damages, to-wit: The value of the land with six per cent interest from the time they purchased. To determine that value they may show the consideration in the defendant's deed, which is to be taken as a conclusive admission by defendant that such is the value.

*2. ——: ——: measure of damages.*

REVERSED.