Boon v. McHenry et al.

**1. Vendor and Vendee:** BREACH OF COVENANT: MEASURE OF DAMAGES. A grantee of land, whose possession has never been disturbed, can recover only nominal damages for a merely technical breach of the covenant of seizin in his deed.

*Appeal from Harrison District Court.*

MONDAY, DECEMBER 13.

THIS is an action upon an alleged breach of the covenants of seizin in a conveyance of certain real estate. The answer alleges that at the date of the deed from the defendants to plaintiff they were the unqualified owners of the premises described, and that plaintiff, since the date of the deed, has been in the actual and undisturbed possession of the premises described. The cause was tried to the court. The court found that there had been a technical breach of the covenant of seizin, and awarded the plaintiff one dollar as nominal damages. The plaintiff appeals.

*Smith & Kelly*, for the appellant.

*Evans & Roadifer*, for the appellee.

DAY, J.—The defendants assumed the burden of establishing the allegation of their answer, that at the date of the conveyance to plaintiff they were the unqualified owners of the premises conveyed, and to support the allegation introduced the following evidence:

1. VENDOR and vendee: breach of covenant: measure of damages.

1. ·Book of original entries, showing the land in dispute to have been patented to David Imlay.

2. Record of warranty deed from David Imlay to Daniel B. Easley, dated February 24, 1858.

3. Original deed of Malvina Easley, by her attorney in

fact, W. H. Herry, to Lewis Purcell. This deed recites that Malvina Easley is the widow and sole devisee of Daniel B. Easley.

4. Power of attorney from Malvina Easley to Wm. A. Herry. This power of attorney recites that Malvina Easley is the widow and sole devisee of Daniel B. Easley, deceased.

5. Record of warranty deed from Lewis E. Purcell and wife to Wm. M. McHenry for part of the land in controversy.

6. Record of warranty deed from Lewis E. Purcell and wife to D. W. Spenks for part of the land in controversy, dated June 2d, 1868.

7. Record of warranty deed from D. W. Spenks to Wm. M. McHenry, dated February 15th, 1870.

Having introduced this testimony the defendants rested.

The plaintiff then introduced a conveyance to himself from the defendants for the land in controversy, dated January 3d, 1872, containing the following covenants: "And we do covenant with the said John T. Boon that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever."

The plaintiff testified that at the date of the deed from defendants to him he paid as consideration for said premises the sum of eight hundred dollars; that he had been in the possession of the premises since the date of the deed, and had not been disturbed by any one claiming title thereto.

Under the issues the burden of proof was upon the defendants to establish title in themselves. *Schofield v. The Iowa Homestead Company*, 32 Iowa, 317.

They failed to do this. They did not show that the person who executed the conveyance to Lewis E. Purcell is the person named in the power of attorney executed by Malvina Easley, nor that Daniel B. Easley is dead, nor that Malvina Easley is his widow and sole devisee. So far as the evidence shows there has been a breach of the covenant of seizin.

Still the plaintiff has never been disturbed in his possession, which, at the time of the trial, had contiued about eight years. In a short time the statute of limitations will make his title complete. The real question in this case is what is the measure of damages under the circumstances? The difficulties attending this question are fully set forth in Rawle on Covenants of Title, pages 73–80. It would not be just to allow the plaintiff to recover the consideration money and interest and retain the land also. Upon the other hand it would not be just to put the plaintiff off with a recovery of nominal damages if such recovery would be a bar to an action for actual damages if a substantial loss shall occur. In this State the English rule has been recognized, that the covenant of seizin runs with the land, and is for the benefit of the party who may be the owner when a substantial breach occurs. *Schofield v. The Iowa Homestead Company*, 32 Iowa, 320.

It is a corollary of this doctrine that until some substantial loss occurs there can be no recovery beyond nominal damages, and that the person who is owner at the time such loss occurs may recover the actual damage sustained. As no loss has yet been visited upon the grantee the breach is merely technical. See *Nosler v. Hunt*, 18 Iowa, 212.

The court did not err in holding the breach to be technical, and in limiting the plaintiff's recovery to merely nominal damages.

AFFIRMED.