NORMAN v. WINCH.

1. **Damages:** MEASURE OF: BREACH OF COVENANT OF SEIZIN. In an action for breach of covenant of seizin, if plaintiff had been ousted from the land by reason of the breach, the measure of her damages would have been the consideration paid, and interest ; but where she made no proof of the consideration paid, and failed to show that there was any threatened disturbance of her possession, she was entitled to recover, if at all, only nominal damages. *Nosler v. Hunt*, 18 Iowa, 212, followed.

2. **New Trial:** FAILURE TO ASSESS NOMINAL DAMAGES. An omission to assess nominal damages, where there is a mere technical right to recover, is no ground for a new trial. *Watson v. Van Meter*, 43 Iowa, 76, followed.

*Appeal from Monona District Court.*

SATURDAY, DECEMBER 6.

THIS is an action at law. It was originally commenced by A. J. Norman and Lucinda M. Norman, as plaintiffs. A motion was made by defendant attacking the petition. The motion was sustained. Thereupon A. J. Norman dismissed the action as to himself, and the present plaintiff, Lucinda M. Norman, filed a new petition, in which she sought to recover of the defendant the sum of $25 for failure to enter satisfaction of a certain mortgage, and she also claimed that she was entitled to recover damages of the defendant for a breach of the covenant of seizin in a conveyance of five acres of land, executed by the defendant to her. No evidence was offered upon the cause of action for the alleged failure to satisfy the mortgage. There was a trial to the court upon the cause of action for a breach of covenant, and a judgment was rendered for the defendant for costs. Plaintiff appeals.

*S. H. Cochran*, for appellant.

*J. W. Barnhart*, for appellee.

ROTHROCK, CH. J.—I. Complaint is made because the court

rendered a judgment against A. J. Norman for costs. The record does not show that a judgment was rendered against him; and it does not appear that he appeals. We ought not to be called upon to presume that a judgment was rendered against a person not a party to the action.

II. It appears that on the twenty-sixth day of June, 1873, William N. Perry conveyed the land in controversy by a deed of general warranty to one La Soward. La Soward conveyed to Winch by deed of general warranty on the fourth day of January, 1877, and Winch conveyed to the plaintiff in January, 1881. Perry did not have the legal title; but La Soward took actual possession of the land when it was conveyed to him, and the subsequent grantees have had actual possession since. The plaintiff has never been disturbed in her possession, and more than ten years have elapsed between the commencement of the possession by La Soward and the commencement of this suit. The plaintiff does not offer to surrender the land. What she evidently seeks is to hold the land and recover damages for its value. If she were ousted from the land by reason of the breach of the covenant, her measure of damages would be the consideration paid, and interest. She makes no proof of the consideration, and she does not show that there is any threatened disturbance of her possession. Under these circumstances, if entitled to recover at all, her damages are merely nominal. *Nosler v. Hunt*, 18 Iowa, 212. And "an omission to assess nominal damages, where there is a mere technical right to recover, is no ground for a new trial." *Hudspeth v. Allen*, 26 Ind., 167; *Watson v. Van Meter*, 43 Iowa, 76.

AFFIRMED.