## MITCHELL v. KEPLER.

Statute of Limitations: BREACH OF COVENANT OF SEIZIN AND OF RIGHT TO CONVEY. Covenants of seizin and of good right to convey are synonymous, and if at the time of conveyance the grantor does not own the land the covenant is broken immediately (*Brandt v. Foster*, 5 Iowa, 287-295), and a right of action at once accrues, and is barred by the statute after the lapse of ten years, under section 2529 of the Code.

*Appeal from Chickasaw District Court.*—HON. L. O. HATCH, Judge.

FILED, SEPTEMBER 10, 1888.

THE facts are stated in the opinion.

*A. C. Boylan*, for appellant.

*J. R. Bane*, for appellee.

SEEVERS, C. J.—In April, 1873, the defendant executed a deed conveying certain real estate, and this action is brought to recover on the covenants therein, which are as follows: That "we are lawfully seized in fee-simple of said premises; that they are free from incumbrances made by me, except taxes; that we have good right and lawful authority to sell the same; and we do hereby covenant to warrant and defend the said premises and appurtenances thereto against the lawful claims of all persons whomsoever under or through me or us." The breach of these covenants is stated in the petition as follows: "That the covenants of defendant in said deed are not true; that neither the defendant nor Mary Kepler, his wife, was seized of said premises; that neither of them had good right or lawful authority to convey the same." This action was commenced in October, 1884, and the defendant pleaded that the plaintiff, or the person under whom he claims, never had entered into possession of said premises. It will be observed that the breach relied on in the petition is that the covenant of seizin and the right to convey the premises had been broken. The material question, therefore, is, when did this occur, and when did the cause of action accrue? It has been held by this court that the covenants of seizin "and good right to convey are synonymous, and if at the time of the conveyance the grantor does not own the land the covenant is broken immediately." *Brandt v. Foster*, 5 Iowa, 287-295. It necessarily follows that a right of action accrued when the covenant was broken, and as more than ten years had elapsed after the execution of the deed and before the commencement of this action, it follows that this action is barred by the statute of limitations. Code, sec. 2529. The judgment of the district court, therefore, is

AFFIRMED.