DANIEL FOSHAY v. LEWIS D. SHAFER AND LUTHER A. SHAFER, Appellants.

**Breach of Covenant:** STATUTE OF LIMITATIONS: *Accrual of action.*
Though a covenant of seisin is broken by the delivery of the deed unless the grantor has good title, the breach is only technical, and a cause of action for substantial damages does not accrue, or limitation commence to run, till the grantee has received some substantial injury.

SAME:  *Ouster by decree.* Where a grantee in a deed containing covenants of warranty is ousted by a decree declaring title to be in another, the cause of action on the covenant only accrues, and limitations commence to run, at the time of the rendition of the decree.

*Appeal from Fremont District Court.*—HON. W. R. GREEN, Judge.

FRIDAY, APRIL 11, 1902.

JOHN JACOB SHAFER died in 1852, seised of certain land in Fulton county, Ill., which he devised to his four children, Henry E., Lewis D., Louisa E., and Luther A. Shafer, subject to a life estate therein given his wife, Margaret Shafer. In 1874 the devisees, except Louisa E. Shafer, executed a conveyance of the land to Daniel Foshay, stipulating therein that "we hereby covenant with the said Daniel Foshay that we hold said premises by good and perfect title; that we have good right, and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever. We covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever." The widow died in 1897. Henry E. Shafer also is dead, and Louisa E. Shafer, who had intermarried with Daniel B. Moreland, died June 14, 1873. It will be observed that the one-fourth interest of said Louisa was not conveyed to plaintiff, and on the twelfth day of April,

1898, her surviving husband instituted suit in Fulton county, Ill., for an undivided one-eighth interest in the land, and later, upon hearing, was decreed the owner thereof. January 21, 1899, plaintiff procured a quitclaim deed from Moreland at an expense of $798.50, for which, and also costs, recovery was sought in this action. Judgment was entered for one-eighth of the purchase price, together with the rent and costs taxed against plaintiff in the Illinois suit. The defendants appeal.—*Affirmed.*

*W. E. Mitchell* for appellants.

*Hammond & Stevens* for appellee.

LADD, C. J.—Though the land was conveyed to plaintiff in 1874, he was not disturbed in the possession or quiet enjoyment of it until 1898, when Moreland asserted his claim to the ownership of an undivided one-eighth, to which the court subsequently found him entitled. The defendants, with the other devisees, received compensation for this much to which, in making the conveyance in 1874, they conveyed no title whatever. The covenant, then, "we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same."—was broken upon the delivery of the deed. But, as the covenantee had been given possession, the breach was only technical, and did not entitle him to recover substantial damages until some positive injury had been suffered. *Nosler v. Hunt,* 18 Iowa, 212; *Boon v. McHenry,* 55 Iowa, 202; *Hencke v. Johnson,* 62 Iowa, 555; *Norman v. Winch,* 65 Iowa, 263. The cases relied upon by appellant are not inconsistent with those cited. In *Brandt v. Foster,* 5 Iowa, 287, 294, the grantor had no title, and, to avoid eviction, the covenantee had purchased the paramount title. In *Shorthill v. Ferguson,* 44 Iowa, 249, *Mitchell v. Kepler,* 75 Iowa, 207, and *Zent v. Picken,* 54 Iowa, 535, the covenan-

tees never acquired possession. There are numerous decisions elsewhere to the effect that the full consideration paid, with interest, may be recovered immediately upon the breach of the covenant, but this court is committed to the doctrine that no more than nominal damages may be had so long as the grantee remains in possession without actual injury. The cases adhering to each view will be found collected in 8 Am. & Eng. Enc. Law, 186. But defendants also covenanted "to warrant and defend the said premises against the lawful claims of all persons whomsoever," and certainly there was no breach of this until ouster was effected by the decree awarding Moreland one-eighth of the land. *Brandt v. Foster, supra.* This covenant is distinct and independent of that relating to title, and there is no tenable ground for the claim that it is not equally binding on the grantors. *Cheney v. Straube,* 35 Neb. 521 (53 N. W. Rep. 479).

As the cause of action for substantial damages for the breach of either covenant did not accrue until 1899 recovery is not barred by the statute of limitations. *McClure v. Dee,* 115 Iowa, 546.

The record does not disclose that the amount expended by plaintiff for attorney's fees was included in the judgment of the court. That these may be recovered, however, in such a suit, appears from *Meservey v. Snell,* 94 Iowa, 222.— AFFIRMED.