ALONZO P. TUKEY v. JOHN W. FOSTER, IRA KNAPP, O. D. BENNETT, ALFRED PETERSON and W. A. SMITH, Appellants.

Mortgage foreclosure: APPEAL: JURISDICTION. Where simply a judg-
1 ment *in rem* was entered in a suit to foreclose a mortgage, the mortgagor being served outside the state, jurisdiction on appeal could not be conferred over a purchaser of part of the mortgaged premises, where such purchaser did not appeal, by an attempted appearance of counsel in his behalf.

Same: NOTICE OF APPEAL: PARTIES. Co-parties whose interests may
2 be prejudicially affected by a modification or change of the judgment must be served with notice of the appeal; and the fact that notice of the action was served outside the state will not obviate the necessity of serving notice of appeal.

Same. Where the reversal on appeal of a decree foreclosing a mort-
3 gage on a judgment *in rem* would continue the obligation without affording any relief by way of subrogation, the mortgagor and purchasers of the mortgaged property were co-parties whose interests would be affected by the reversal, and should be served with notice of the appeal.

Same: CONVEYANCES: COVENANTS: LIABILITY OF GRANTOR. Where the
4 purchaser of mortgaged premises conveyed a portion by warranty deed, he was liable on his covenant to his grantee for the amount required to redeem the land from mortgage foreclosure.

*Appeal from Harrison District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, DECEMBER 11, 1912.

ACTION to foreclose a mortgage and to redeem from those claiming title under the foreclosure of a prior mortgage resulted in a decree as prayed. Several of the defendants appeal.—*Affirmed:*

*L. W. Fallon* for appellants *Reinholdt, Knapp,* and *Bennett.*

*C. W. Kellogg,* for appellant Peterson.

*J. S. Dewell* for appellant Smith, Intervenor.

*Roadifer & Arthur,* for appellee.

LADD, J.—The mortgage sued on was executed by John W. Foster to the plaintiff February 25, 1888, both then being residents of Nebraska, to secure the payment of a promissory note of even date, due five years thereafter. This mortgage was by its terms and in fact subject to a mortgage covering the same land, executed by Foster to Richman & Son, and by that firm assigned to John Prail, bearing date December 17, 1887, which was subsequently foreclosed without making plaintiff a party to the proceedings, and sheriff's deed issued, in pursuance of the decree and sale, to Prail, October 30, 1890. The latter conveyed the land to W. A. Smith under whom, through *mesne* conveyances, defendants Peterson, Bennett, Knapp, and Reinholdt owned separate parcels of the land at the time this action to foreclose the mortgage from Foster to plaintiff was commenced. Peterson, in a cross-petition, prayed that he might be al-

1. MORTGAGE FORECLOSURE: appeal: jurisdiction.

lowed to recover from Smith on his warranty deed whatever amount he (Peterson) might have to pay in order to redeem his forty acres from plaintiff's mortgage or decree foreclosing same. Decree of foreclosure was entered as prayed, and order entered that the purchaser at the sale might redeem from the sale under the former mortgage foreclosure by paying $3,000, with interest, and also allowed Peterson to recover from Smith, as prayed. Foster accepted service of the original notice in Oklahoma, so that judgment *in rem* only was entered. Neither he nor Reinholdt appealed, and the attempted appearance of the latter by counsel did not confer jurisdiction on this court. *Ash v. Ash,* 90 Iowa, 229.

Nor was any notice of the appeals of Bennett, Knapp, Peterson or Smith served on either Foster or Reinholdt.

2. SAME: notice of appeal: parties.

Because of the omission to make these defendants parties to the appeal, appellee has moved that the several appeals be dismissed. Coparties, whose interests will be prejudicially affected by any change in the judgment or decree of the district court, must be served with notice of appeal. Section 4111, Code; *Oliver v. Perry,* 131 Iowa, 655; *Sullivan v. Sullivan,* 139 Iowa, 679. That Foster was served outside the state did not obviate the necessity of serving a notice of appeal on him. *Dillavou v. Dillavou,* 130 Iowa, 405.

Would a reversal of the decree be prejudicial to him or Reinholdt? The effect of the foreclosure of the mortgage will be the satisfaction of the indebtedness of Foster from the

3. SAME.

property hypothecated as security to plaintiff; whereas, if such foreclosure is denied, the promissory note will continue an obligation. This seems to be conceded by counsel for appellants; but they say that, even if the indebtedness were to be collected by foreclosure, the defendants could be subrogated to the claim of plaintiff against Foster on the note secured. All they acquired throught *mesne* conveyances under the sheriff's deed by vir-

tue of the sale under the decree foreclosing the first mortgage
was the title of the mortgagor and the interest of the mort-
gagee, subject to the lien, if any, of the second mortgage;
and this being so, the enforcement of that lien was merely
exhausting security given by the mortgagor, subject to which
defendants had acquired the land.  Manifestly no equities
could arise in these circumstances calling for the applica-
tion of the doctrine of subrogation.  There is no escape from
the conclusion that a reversal might prove prejudicial to
Foster.  Equally conclusive is the record as to Reinholdt.
Neither appealing, nor having been made a party to the appeal.
the decree as to his land would be unaffected by a reversal
as to the tracts acquired by Peterson, Knapp, and Bennett;
and for this reason the entire judgment in that event, instead
of his equitable portion, would be saddled on his land.
Clearly enough, then, he would be prejudicially affected by
a reversal of the decree as sought; and, in the absence of
service of the notice of appeal on him and Foster, the decree
cannot be reviewed.  Counsel suggest that, even if this is so,
it is of no concern of appellee.  But it is of concern to this
court; for it is without jurisdiction to pass on issues the
decision of which will prejudicially affect the interest of
coparties not served with notice of appeal.  *Clayton v. Siev-
ertsen*, 115 Iowa, 687.

What has been said disposes of Smith's appeal, also, in
so far as it involves the decree of foreclosure.  But he also
challenges the correctness of that portion of the decree allow-
ing Peterson to recover of him whatever he
may be required to pay, in order to effect
redemption of the parcel of land acquired
through *mesne* conveyances.  As no one else
is interested in this, it is subject to review; but the only
doubtful question argued was settled in *Fashay v. Shafer*,
116 Iowa, 302, and *McClure v. Dee*, 115 Iowa, 546.  See, also,
*Boice v. Coffeen*, 158 Iowa, 705.

It follows that the appeals must be and are dismissed,

4. SAME: con-
veyances:
covenants: li-
ability of
grantor.

save in so far as that of Smith involves the issues on the cross-petition of Peterson, and with respect to these the decree is *Affirmed.*