WALTER H. SMITH, RESPONDENT, v. CLARENCE C. SMITH, EXECUTOR OF JAMES PRALL, DECEASED, APPELLANT.

Submitted November 21, 1916—Decided June 18, 1917.

1. A judgment or decree entered in the courts of the state of Iowa, under proceedings to foreclose a mortgage and for the redemption of the land, by paying the amount due on a judgment, such decree and proceedings are *prima facie* evidence of the validity of the mortgage, of the amount due thereon, of the lands upon which the same were a lien, of the extent of the lien, and of the right of redemption. This is so, when such judgment or decree is put in evidence, in a suit brought in the New Jersey courts, to recover damages for a breach of the covenants against encumbrances, contained in deeds conveying the lands covered by the mortgage foreclosed.

2. Remedies are to be regulated and pursued according to the *lex fori*, the law of the place where the action is instituted.
3. There is no statute of limitations in New Jersey, in an action for breach of a covenant against encumbrances.
4. Actual eviction is not necessary, before an action will lie for the breach of a covenant against encumbrances. It is sufficient that eviction may take place.

On appeal from the Warren County Circuit Court.

For the respondent, *L. De Witt Taylor* and *Osiris D. McConnell.*

For the appellant, *William H. Morrow.*

The opinion of the court was delivered by

BLACK, J. The respondent sued the appellant's testator, in the Warren Circuit Court, for a breach of the covenants against encumbrances contained in two deeds made by James Prall, the appellant's testator, bearing date March 8th, 1891. The land conveyed by the deeds is situate in Harrison county, State of Iowa. The case coming on for trial, the record shows, the respective counsel having agreed upon the facts, the court took the case from the jury and directed a verdict for the respondent for $2,091.08. An exception was then noted to the direction of the verdict. The appellant brings the appeal, and alleges thirteen grounds and reasons for a reversal of the judgment, all of which, in different forms, challenge the right of the respondent to maintain the action. Thus, the first four and the eleventh allege error in the trial court in directing a verdict in favor of the respondent. The fifth, sixth and seventh allege the only action that could be maintained is an equitable proceeding; eighth, certain releases given by the respondent operated as an equitable estoppel against the respondent maintaining the suit; ninth, there was no eviction; tenth, the broken covenants did not run with the land, so that an action could be maintained on such broken covenants; twelfth, the respondent, and those claiming under him, have been in open and exclusive possession of the

premises since the 30th day of October, 1890, upwards of twenty years next before the commencing of this suit; that such possession is a bar to the right of action asserted by the respondent; thirteenth, the decree ,or judgment entered in the District Court of Harrison county, Iowa, so far as the same is claimed to be the basis of this action, is of no force or effect against the appellant, as executor of James Prall, deceased. These points are argued by the appellant's counsel at length in an elaborate brief, which fails to convince us that the trial court was in error, or that the respondent had no right to maintain his action.

The correctness of the computation of the amount of the judgment, as directed by the trial judge, is not challenged by any ground of appeal; nor is it argued by the appellant in his brief. We have not, therefore, considered that question, nor is it necessary to follow in detail the argument of the appellant.

A short summary, however, of the essential facts is necessary to a clear understanding of the case. The language of the covenants in each deed is: "That the above-described premises are free from any encumbrances other than roads and highways." At the time of the delivery of the deeds, one Alonzo P. Tukey held a mortgage upon the lands described in the deeds for the sum of five hundred dollars ($500) and interest. This mortgage was made to Tukey by one John W. Foster, owner of the lands. The mortgage was dated January 25th, 1888. James Prall, the appellant's testator, received his title to the land by virtue of a sheriff's deed under a decree entered in the District Court of Harrison county, Iowa, on September 6th, 1889. This decree was made in a suit brought by James Prall to foreclose a first mortgage upon the same lands for sixteen hundred dollars ($1,600) and interest, made by the same John W. Foster to D. C. Richman & Son, and by them assigned to James Prall. This mortgage was dated December 16th, 1887. In this foreclosure suit by James Prall, Tukey was made a defendant, by reason of his holding the above mortgage, being a second mortgage upon the lands; no process was served upon him, he did not appear in the action,

and the suit was by order of the court continued as to him. In fact, he had no knowledge of the Prall foreclosure suit until a long time after the sheriff's sale—1897 or 1898. On March 11th, 1908, Tukey brought suit in the District Court of Harrison county for the foreclosure of his mortgage, for the redemption of the land, by paying the amount due on the judgment, in the Prall foreclosure suit. The respondent, in this case, was made a defendant, as were also Peter Reinholdt and Alfred Peterson, who were, at that time, the owners of the equity in the lands, having derived their title from James Prall and the respondent through intermediate grantees. Peterson filed a cross-petition against the respondent, the plaintiff in this suit, to compel him to pay Peterson such sum of money as might be found necessary to redeem the land from the Tukey mortgage and to make Peterson whole in the premises. On June 18th, 1909, a final decree was entered in the Tukey case, wherein it was adjudged that the Tukey mortgage be established as a lien upon the lands in the amount of thirteen hundred and fifty-five dollars and eighty-eight cents ($1,355.88), with interest from June 18th, 1909. The court directed a special execution to issue for the sale of the lands to satisfy the Tukey lien. The purchaser should pay off the senior lien by paying three thousand dollars ($3,000), with the accumulated interest thereon, to the clerk of the court for the benefit of the owners of the land sold. On the cross-petition, the court ordered that Peterson was entitled to recover from the respondent, the plaintiff in this suit, such sum as should be necessary under the decree to redeem the lands from the Tukey mortgage, or to satisfy that mortgage.

An appeal was taken by the respondent, the plaintiff in this suit, from this decree to the Supreme Court of Iowa, and that court affirmed the decree. A *procedendo* was issued by that court on April 29th, 1913. After this affirmance, by the Iowa Supreme Court, in order to extinguish the Tukey decree or judgment, as it is called, and free the lands from the lien thereon, the respondent paid Tukey's attorney, on May 23d, 1913, nineteen hundred and six dollars and seventy-six cents ($1,906.76), being the amount of the judgment, with interest

and costs. He then took an assignment of the judgment. Respondent then released all of the lands from the lien of the judgment, and thereupon brought the present suit, October 10th, 1913, against the appellant's testator to recover the amount which he paid to extinguish the encumbrance of Tukey, with the result that the trial court directed a verdict in his favor.

The question, as we see it, arising out of this state of facts, and involved in the decision of this case, is whether the respondent, the plaintiff in this suit, had a right to maintain his action in the common law courts of New Jersey to recover damages for the breach of the covenants against encumbrances, and, if so, what law is to be applied to the solution of this problem? The answer to this question depends upon the application of the following-accepted principles of law. The proceedings and decree in the Tukey case are *prima facie* evidence in this case of the validity of the Tukey mortgage, of the amount due thereon, of the lands upon which the same were a lien, of the extent of the lien and of the right of redemption. 11 *Cyc.* 1156, 1157. The law of Iowa governs, as to the lien, on the lands situate in that state. *Griffin* v. *Griffin*, 18 *N. J. Eq.* 104, 107. It is the law of the state, in which the mortgaged property lies, which governs. *Brine* v. *Hartford Fire Insurance Co.*, 96 *U. S.* 627, 635; 5 *R. C. L.* 926, § 21. The Iowa Supreme Court passed upon the Tukey mortgage, in an opinion in which the facts as disclosed by this record are quite fully set out. *Tukey* v. *Reinholdt*, 130 *N. W. Rep.* 727; see *Tukey* v. *Foster*, 158 *Iowa* 311. From these propositions, it would seem to follow that Prall's liability, the appellant's testator, is to be determined from the judgment or decree entered in the Iowa courts, except, in so far as that liability may be affected, by matters relating to the remedy, *i. e.*, the *lex fori*. Thus, the statute of limitations of New Jersey, if any, would be applied, the period of limitation prescribed by the law of the forum controls. *Jaqui* v. *Benjamin*, 80 *N. J. L.* 10. A foreign judgment is subject to the statute of limitations of the *lex fori*. *Summerside Bank* v. *Ramsey*, 55 *Id.* 383. Remedies are to be regulated and pur-

sued according to the *lex fori,* the law of the place where the action is instituted. *Gulick* v. *Loder,* 13 *Id.* 68; 5 *R. C. L.* 917, § 11; 941, § 28.

In cases from our courts, in actions for a breach of covenant against encumbrances, it is said the general rule is, the right of action on the covenant against encumbrances arises upon the existence of the encumbrance, irrespective of any knowledge upon the part of the grantee or of any eviction of him or of any actual injury it has occasioned him, so that, if he has paid off or bought in the encumbrance, he is entitled, at least, to nominal damages. *Demars* v. *Koehler,* 62 *N. J. L.* 203, 208; 7 *R. C. L.* 1163, §§ 78, 79. He may recover the amount fairly and justly paid by him for the removal of the encumbrance, not exceeding the value of the estate. *Hartshorn* v. *Cleveland,* 52 *N. J. L.* 473, 482; *affirmed,* 54 *Id.* 391; 7 *R. C. L.* 1181, § 104, although he may not yet have paid the same. *Sparkman* v. *Gove,* 44 *N. J. L.* 252.; *Fagan* v. *Cadmus,* 46 *Id.* 441; *affirmed,* 47 *Id.* 549. An actual eviction or disturbance of possession, unlike a suit for a breach of a covenant of warranty, is not necessary, as a condition precedent, to maintaining an action for the breach of a covenant against encumbrances. *Carter* v. *Executors of Denman,* 23 *Id.* 260, 270; *Smith* v. *Wahl,* 88 *Id.* 623. It is sufficient that eviction may take place. *Share* v. *Anderson,* 7 *Serg. & R.* 43, 61.

There is no statute of limitations in New Jersey in an action for breach of a covenant against encumbrances, barring such an action, if not brought within twenty years after breach of the covenant. *Hasselbusch* v. *Mohmking,* 76 *N. J. L.* 691; see *Parisen* v. *New York, &c., Railroad Co.,* 65 *Id.* 413. The counsel for the appellant concedes this, but argues, in the answer to the complaint, he set up accord and satisfaction, as a bar to this action, thereby invoking an analogy to the statute of limitations, citing *Gulick* v. *Loder, supra; Parisen* v. *New York, &c., Railroad Co., supra,* and *Blue* v. *Everett,* 55 *N. J. Eq.* 329, as illustrative cases on which to rest the defence of presumptive satisfaction received for a breach of the covenant. The obvious answer to this is, of

course, those cases and the principle therein illustrated have no application to the facts of this case, as disclosed by the record. At best, that is a rebuttable presumption of satisfaction. The proceedings in the Tukey case show satisfactorily the reasons for the delay. No evidence was offered or produced in denial of the facts shown by that record, the facts not being controverted. It is hardly necessary to pursue this discussion farther in detail. The record consists entirely of exhibits and documents, over which there is no dispute. No evidence was produced to controvert the findings of the decree in the Iowa courts in the Tukey case.

Upon the undisputed facts, and the law applicable thereto, we are satisfied that the respondent was entitled to maintain his common law action in the courts of New Jersey. In our view, this determines the case. As stated above, the amount of damages as calculated by the trial court is not challenged or argued, so we express no opinion upon that point.

Finding no error in the record, the judgment of the Warren Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, JJ. 9.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, BERGEN, WILLIAMS, TAYLOR, GARDNER, JJ. 6.