Darlington v. Effey.

---

DARLINGTON v. EFFEY *et al.*

13   177
115   553

1. FORCLOSURE: ADMINISTRATOR A PROPER PARTY. In this state the administrator of a deceased mortgagor is a proper, if not a necessary, party to a proceeding to foreclose the same; and in such a proceeding the administrator of the mortgagor (or if it be a deed of trust, the administrator of the grantor) may upon his own motion be made a party.

*Appeal from Scott District Court.*

FRIDAY, APRIL 18.

BILL to foreclose a trust deed, purporting to be made by Theodore Effey. Service by publication; decree of fore-

closure without an appearance; execution — the land sold and a deed made to complainant, the purchaser, within the time prescribed by statute, P. C. Effey, claiming to be the heir of Theodore, asked to be made a party, setting up that the trust deed was a forgery, and that Theodore was dead. The heir was made a party, and the default, decree, execution and sale set aside. An answer and cross-bill were then filed, to which there was a replication, setting up, among other things, that said Theodore and P. C. Effey, were, and are aliens, and non-resident foreigners. The appellants presented their letters of administration, and an affidavit of merits, and moved that they be admitted to defend as administrators of the estate of Theodore Effey. This motion was overruled, and they appeal.

*John N. Rogers* and *Dow & Brown* for the appellants, contended:

1. The rule is, that an administrator may be made a party. 2. That the contrary rule is unreasonable, and against equity. 3. That the contrary rule is not in accordance with the letter and spirit of the Code of Iowa, citing 3 Powl. Mort., 970, *Daniel* v. *Skipwith*, 1 Brown's C. C. (marg.), 155, and notes; *Fell* v. *Brown*, Id., 276; *Christopher* v. *Sparks*, 2 Jac. & Walker, 229; 2 Hill, Mort., 95, §§ 72–77, notes E and G; Coote, 575; 2 Atkins, 51; 11 Barb., 191; 3 P. Wil., 331; 2 Ball & Beatty (Irish,) 565; *Powell* v. *Spaulding*, 3 G. Greene, 462; *Gammel* v. *Young*, 3 Iowa, 309; 27 Mo., 547; 6 Cal., 386; 28 Ala., 580; 8 Cal., 580; *Kramer* v. *Rebman*, 9 Iowa, 114; *Cooley* v. *Hobart et al.*, 359.

*Davison & True* for the appellee.

Primarily, the administrator has nothing to do with the real estate, or the proceeds thereof. The heir-at-law is the only party interested. Story's Eq. Pl., § 196; *Slaughter*

v. *Foust*, 4 Blackf., 379 ; *Graham's Executors* v. *Carter*, 2 H. & Mumf., 6 ; *David* v. *Graham*, 2 Harris & G., 94.

WRIGHT J. — By our statute it is declared that deeds of trust of real or personal property may be treated like mortgages, and foreclosed by action in the District Court. (Code 1851, § 2096 ; 1860, § 3673.) Treating this, then, as a proceeding to foreclose a mortgage, it is proper, upon his motion, to make the administrator of the mortgagor a party respondent.

As a general rule it is well settled by the English practice, as well as that of most of the states, that the heir, in whom is the equity of redemption, is the only proper defendant in a bill of mere foreclosure. (3 Powell, 969 ; Story's Eq. Pl., § 196 ; *Slaughter* v. *Foust*, 4 Blackf., 377.) To this rule there are exceptions. If the mortgagee prays on account of the personal estate, because of the inadequacy of his security, arising from the mortgage, the executor should be a party with the heir. The reason of this is, not because a sale of the land may be decreed, but because in addition thereto, the bill seeks also to appropriate the personal assets, of which the executor is the representative. (3 Powell, *supra ;* Story's Pl., § 196.) So it has been held necessary to make him a party where the bill contained an averment that he had been in receipt of the rents and profits of the mortgaged premises, and had paid the interest and part of the debt. Or, where the mortgage was upon a term of years, for then the equity is said to belong to the personal representative. (*Bradshaw* v. *Outram*, 13 Ves., 235.) Under our statute, it is our opinion that the spirit of the first exception, and not the general rule of the English practice, applies, and that the administrator is a proper, if not a necessary, party in a bill to foreclose.

It is one of the boasts of a court of equity that it delights to do complete justice, and not by halves. So again, it

Darlington v. Effey.

always delights, as far as possible, to avoid circuity of action. Now the old practice was that the heir alone had a right to the equity of redemption; that the proceeding was *in rem*, for a sale of the mortgaged premises alone, and the heir having no right to insist that the administrator should be joined to relieve him by payment out of the personal assets, he was required to bring a new bill against such representative for relief. And this, notwithstanding the mortgage was a debt, to be charged primarily upon the personal assets. In the case however, where a deceased obligor has bound his heirs to the performance of an obligation, the heir and executor both being parties, the court does complete justice by decreeing the latter to perform the covenant, as far as the personal estate will extend, the rest to be made good by the heir from the real assets. And well might Judge STORY say (Eq. Pl., § 175) that, " it is not a little remarkable that courts of equity have refused to act" upon this latter rule, in case of a bill to foreclose. The reason and spirit of equity proceedings, it seems to us, would favor the adoption of the rule. And especially is this so, under a statute like ours, where the mortgagee has a right to a general execution to satisfy any deficiency of his mortgaged debt after exhausting the property mortgaged. (§ 2085.) It is true that in a case like the present there is no general judgment, the mortgagor being dead. But as the assets in the administrator's hands would be liable to pay so much as might be unsatisfied by a sale of the mortgaged property, there is, to our minds, no legal inconsistency in treating this adjudication as conclusive in fixing the amount of the liability of the estate, nor any more impropriety in having the decree contain an order that such balance be made from assets in the hands of the personal representative. Being decisive of the amount, it is his duty to prevent a recovery for a larger sum than was due. Or

take this case as an illustration. It is pretty conclusively shown that this deed of trust is a forgery; that the supposed grantor was not in this state when the deed purports to have been executed, if, indeed, living for several years prior to its execution; that he was personated by another person who received the consideration. If this deed is foreclosed, the administrator will be bound and compelled to pay any deficiency, after exhausting the property mortgaged, from the assets in his hands. Why, then, is he not a proper party? And particularly so, as it is claimed by appellee that the heir is a "non-resident alien foreigner," and as such has no right to be heard. Upon this subject generally, see *Wilkins* v. *Same*, 4 Port., 250; 2 Hilliard on Mortg., 95; *Little* v. *Sinnett*, 7 Iowa, 324.

Reversed.