## HUSTON v. STRINGHAM, Adm'r., *et al.*

1. **Foreclosure: PARTIES: ADMINISTRATOR.** It was error to overrule a motion made by the administrator of the mortgagor to be made a party defendant to a proceeding to foreclose the mortgage.

2. —— **USURY: PAYMENTS: RENTS.** While a subsequent purchaser *merely* cannot plead usury in a debt secured by a mortgage to which he was not a party, he may show that the debt has been paid wholly or in part

by the mortgagor, or from rents collected from the estate; and under proper pleadings may hold the mortgagee liable for neglect to collect the rents accruing under leases assigned to him when by diligence the amount thereof could have been made.

3. —— APPLICATION OF PAYMENT. When a mortgagee holding two mortgages, collects rents, and forecloses one mortgage for the full amount of the mortgage debt, giving no credits, *prima facie* he will be taken to have elected to apply all amounts received as rents upon the mortgage not foreclosed.

4. Mortgage: ASSIGNED LEASES. When a mortgagee receives from the mortgagor an assignment of leases on the mortgaged estate under an agreement to collect the rents and apply them on his mortgage debt, he must so apply them, and cannot refuse to do so on the ground that the rents and profits thus received belong to the heirs and not to the administrator of the deceased mortgagor.

5. Attorney: RULING UPON AUTHORITY TO APPEAR. The Supreme Court will not pass upon the ruling made by the court below touching the authority of an attorney to appear for a party to an action, when the evidence upon which such ruling is made is not before the court.

*Appeal from Polk District Court.*

FRIDAY, JUNE 22.

FORECLOSURE: PARTIES DEFENDANT: USURY: ATTORNEY'S AUTHORITY TO APPEAR, &C. — Mrs. A. J. Stringham, in her lifetime, owned the E. ⅓ of lot 4, B. 22, Des Moines.

She made upon it three incumbrances which became liens in the following order:

1. December 15, 1855, mortgage to B. F. Allen for $1,367 on its face, but in fact (as claimed) for loan of only $1,000. *This is the instrument sought to be foreclosed in the present action,* Huston becoming the assignee thereof September 24, 1857.

2. April 18, 1855, Mrs. Stringham executed to T. E. Brown, trustee, a deed of trust to secure A. J. Stevens the sum of *$800.* Stevens assigned this debt September, 1857, to J. Callanan. On the 24th day of October, 1860, the trustee, under the power contained in the deed of trust,

and after notice published, sold the premises to the defendant, Seeley. This deed of trust was the second incumbrance. The validity of the title was questioned in the pleadings as at first drafted, but no evidence on the subject was produced or offered on the trial of this case.

3. May 28, 1856, Mrs. Stringham executed to McGaughey, Mumma & Co. a note and mortgage for $1,400 (alleged to be for a loan of $1,000).

This was afterwards, September, 1857, assigned to the plaintiff in this suit, who, at the May Term, 1862, obtained a decree of foreclosure thereon for *the full amount of the face thereof, with interest*, viz., for $1,820, without allowing any payments or credits by rents received, or otherwise, and without making Allen, Brown, the trustee, Stevens, Callanan, or Seeley parties thereto.

In January, 1857, Mrs. Stringham died, and in February, 1857, the said Thomas H. Stringham, her husband, was appointed her administrator. The present action to foreclose the Allen note and mortgage was commenced by the plaintiff in 1861, making as defendants the said Thomas H., administrator of his deceased wife (by whom alone the note and mortgage to Allen were executed) and Noah Ashley and wife, parents of his deceased wife, who, it is alleged in the petition, deceased without issue. In March, 1861, Seeley, the purchaser under the trustee's sale, is made a party defendant at his request, and in the pleadings sets up the trust deed, the trustee's sale to him; * * denies the amount claimed to be due on the mortgage sought to be forclosed, viz., the Allen mortgage, and alleges payment in full to Allen, and to the plaintiff by the collection of rents, &c. Seeley does not plead usury, but pleads failure of consideration of the note in suit in this, that on its face it purports to be for $1,367, when in fact only $1,000 was received thereon by the maker (Mrs. Stringham.) In December, 1861, the administrator Thomas H. S. (who is

Huston v. Stringham.

made a defendant in the petition), answers and pleads usury; setting up that only $1,000 was borrowed, and that the debt had been fully paid by money, and by rents collected on five certain leases on the mortgaged premises assigned to and collected by the plaintiff, setting forth the particulars. This answer was signed by W. W. Williamson, Esq., as attorney for the administrator. In 1862, a reply was filed to the answer of Seeley, and in 1863 to the answer of the administrator.

On these and other issues not now necessary to notice, the cause came on for trial at the November Term, 1865, when the rulings now the subject of review were made.

The plaintiff obtained a decree of foreclosure for the face of the Allen note, $1,367, and interest, less certain rents and profits had and received by the plaintiff.

Both parties appeal. The other facts will be found stated in the opinion.

*Williamson & St. John* and *E. J. Ingersoll* and *James Callanan, Jr.*, for the appellants.

I. Plaintiff cannot maintain an action in this case to foreclose a mortgage without making the administrator of A. J. Stringham, the mortgagor, a party defendant, and when he discontinued as to him, his action was necessarily discontinued. Coote on Mort., 577; *Mills* v. *Smith*, 22 Miss. (1 Jones), 502; *Christopher* v. *Sparks*, 2 Jac. & W., 229; *Wilkins* v. *Wilkins*, 4 Port., 245; *Fell* v. *Brown*, 2 Bro. Ch., 276; Story Eq. Pl., 182; *Mills* v. *Van Voorhees*, 23 Barb., 125; *Hall* v. *Nelson*, Id., 88; *Satory* v. *Cheynaidre*, 14 La. Ann., 567; *Shaw* v. *Hoadley*, 8 Blackf., 165.

II. A subsequent purchaser has a right to go behind the face of the prior mortgage to ascertain the true consideration and amount due on it. The mortgage is merely *prima*

*facie* evidence of the contract and not the contract itself. Hence, if the real contract, as it did in this case, showed only $1,000 loan, though the mortgage was taken for $1,367, there was a clear want of consideration to the amount of $367, which the subsequent purchaser could prove and avail himself of. *Richardson* v. *Barrick*, 16 Iowa, 407; *Kramer* v. *Rebman*, 9 Id., 120; *Smith, Twogood & Co.* v. *Coopers & Clark*, 9 Id., 376; *Abbe* v. *Newton*, 19 Conn., 20; *The Overseers* v. *The Overseers*, 10 Johns., 229; *Krider* v. *Lafferty*, 1 Whart., 303, 324, *Johnson* v. *Blackman*, 11 Conn., 351; 1 Beasl. (N. J.), 233; 9 Cow., 409; 1 Hill. Mort., 362; *Campbell* v. *Hall*, 16 N. Y., 575.

III. The senior mortgagee was virtually let into the possession of the premises by the assignment of the leases, and he is chargeable for rents which he received as well as those which he did not but could have received by the exercise of diligence. *Bell* v. *The Mayor of New York City*, 10 Paige, 49; *More* v. *Cable*, 1 Johns. Ch., 385; *Kellogg* v. *Beckwell*, 19 Conn., 446; *McCormack* v. *Digby*, 8 Blackf., 99; *McConnell* v. *Holobush*, 11 Ill., 61; *Upham* v. *Brooks*, 2 Wood & Min., 407; *Thorp* v. *Feltz*, 6 B. Monr., 6; *Shaffer* v. *Chambers*, 2 Halst., 549.

*Polk & Hubbell* and *Phillips & Phillips* for the appellee.

I. Thomas H. Stringham, as administrator of Almira J. Stringham, deceased, was not a necessary party to this suit. *Murray* v. *Catlett*, 4 G. Greene, 108; *Shaw* v. *Hoadly*, 8 Blackf., 165; Story's Eq. Pl., § 197; *Johnson* v. *Monell*, 13 Iowa, 302; Revision, § 3661.

II. Thomas H. Stringham made no claim of heirship, nor did he ask to be made party, except in his representative capacity as administrator of Almira J. Stringham, deceased.

III. The defendant, Joseph O. Seeley, being a junior

incumbrancer, cannot avail himself of the usury in the senior mortgage. *Greether* v. *Alexander*, 15 Iowa, 475; *Perry* v. *Kearns*, 13 Id., 174; *Powell* v. *Hunt et al.*, 11 Id., 431; *Hollingsworth* v. *Swickart*, 10 Id., 386.

IV. Defendant had no right to the application of any rents or proceeds of leases of this property prior to his purchase at trustee's sale, and the administrator of Almira J. Stringham had no authority to appropriate them; they belonged to the heirs. *Foteaux* v. *Lepage*, 6 Iowa, 130; *Gladson* v. *Whitney*, 9 Id., 268; *Beizley* v. *Burgett*, 15 Id., 193; *Laverty* v. *Woodward*, 16 Id., 5.

V. The court below erred in refusing plaintiff the right to offer proof on the hearing of authority of Williamson to appear as the attorney for Stringham, administrator, and in permitting him to appear.

DILLON, J. — I. On the trial, Allen, the payee of the note in suit, was introduced as a witness, and testified to the usury substantially as pleaded in the answer of the administrator of the mortgagor, whereupon the plaintiff dismissed his petition as to the administrator, and upon his motion the answer of the administrator was, against the administrator's objection, stricken from the files. This being done, the plaintiff, pursuing the same line of attack, then moved "to strike out the evidence of Allen so far as it went to establish the plea of usury in said administrator's answer."

1. FORE-CLOSURE: parties.

This motion was also sustained. Thereupon the administrator duly filed a verified motion to be allowed to defend, alleging that in the note and mortgage made by the intestate to Allen, there was usury; that the debt had been paid, &c.; but this motion was overruled, and said Thomas H. Stringham, administrator of the mortgagor, was not allowed to make defense. To all these rulings the

administrator excepted.   It is our judgment that the court erred.   If Mrs. Stringham, the debtor and mortgagor, was alive, and had applied to defend, could it be contended that the court could legally refuse to allow it to be done ?

Clearly not.   And the fact that the mortgaged property had been sold under the deed of trust (a sale respecting the regularity and validity of which the proof in this case is silent) would not deprive her of that right.   *Johnson* v. *Monell*, 13 Iowa, 302, and *Murray* v. *Catlett*, 4 G. Greene, 108, do not go to the extent of holding that in case the mortgagor has aliened the property he cannot, on his own application, defend against the mortgage debt, especially if there has been (as in the case at bar) no covenant by the grantee of the mortgagor to assume and pay the debt. *Borum* v. *Fouts*, 15 Ind., 50, 55.

It being our opinion, then, that the mortgagor would have the right to defend, under the circumstances disclosed in this record, has her administrator an equal right?   That the administrator in this State would have such right, is substantially ruled in *Darlington* v. *Effey*, 13 Iowa, 177. We need not restate the grounds of that decision, and content ourselves with simply referring to it.

Whether Seeley (the purchaser at the trustee's sale) could object to the plaintiff's dismissal of the case as to the administrator, and to the *rendition* of a decree of foreclosure against him (Seeley) or the property, *after* the administrator had ceased to be a party, we need not decide. What we hold is, that the administrator had the right to defend, and that the court erred in depriving him of that right.

Seeley, although not liable personally for the plaintiff's debt against Mrs. Stringham, would, nevertheless, be entitled to the benefit of any reduction that might be made in its amount, by the administrator.

II.   Having arrived at this conclusion, it results that the

Huston v. Stringham.

judgment must be reversed. We do not, therefore, deem

*2. —— usury: payments: rents.* it necessary to enter into detail as to the testimony respecting the amount of payments claimed to have been made, or rents and profits collected from the mortgaged estate by the plaintiff or his agents. Under the decisions of this State, Seeley cannot, a *subsequent purchaser merely*, plead usury. But he may show that the debt has been paid wholly or in part by Mrs. Stringham, or from rents collected from the mortgaged estate. Under proper pleadings he could hold plaintiff liable for neglect to collect the leases assigned to him, if by due diligence the amount thereof could have been made.

By foreclosing his mortgage of May 28, 1856, for the full amount thereof, without giving any credits for rents

*3. —— application of payments.* collected, we think the District Court was right in holding that *prima facie*, at least, he must be taken to have elected to apply all amounts received as rents upon the mortgage now in suit.

Whether he can make out a case for the ratable apportionment of the rents collected to the mortgage now in suit and to that of May 28, 1856, we have no data upon which to express our opinion. It follows that we are of opinion, as was the District Court, that the plaintiff having received an assignment of the leases made with the tenants

*4. MORTGAGE: assigned leases.* of the mortgaged estate, under an agreement to collect the rents and apply them on his two mortgage debts, he must so apply them and cannot refuse to do so on the ground· that the rents and profits thus received, belong to the heirs and not to the administrator.

As to these leases he would, on the one hand, have the right, and, on the other, could be compelled to apply the amounts received on the mortgage debt. Besides, under the plaintiff's own allegations, the estate is *insolvent*, and the husband was an heir as well as an administrator.

6 Ired. (Eq.), 336; 10 Barb., 247; 11 Ill., 171; 23 Texas, 539; *Sandford* v. *McLean,* 3 Paige, 117.

III. In regard to the plaintiff's appeal: We perceive no error in the action of the court respecting the question of the authority of Williamson, the attorney, to appear for the administrator. On plaintiff's motion, made years after the answer had been filed, the court required Williamson to show his authority to appear for the administrator. This Williamson did by an affidavit, and by producing a general power of attorney. The record recites that the court was satisfied by the *showing* made.

*5. ATTOR-NEY: ruling upon authority to appear.*

Neither the affidavit nor power of attorney is in the record. Without these before us, we cannot say that the court erred in refusing to receive the proposed counter testimony as to Williamson's authority. This is a matter of practice, and conceding that the court is not conclusively bound by the attorney's oath that he has authority, but may inquire beyond that, yet such facts may have been shown by the attorney's affidavit (not *before us*), as to have fully satisfied the court of the existence of the attorney's authority, and that the circumstances offered to be shown to disprove that authority were immaterial, or at least inconclusive.

The decree is reversed and a trial *de novo* awarded.

Reversed.