W. H. HARWOOD, Appellant, v. J. S. LEE, Appellee.

1. **Deed: WARRANTY: BREACH: RIGHT OF ACTION.** A grantee under a deed with covenants of warranty against incumbrances is not entitled, upon the purchase by him of a mortgage upon the premises conveyed, to maintain an action for a breach of such warranty based upon such incumbrance.

2. ——: ——: ——: ——. Where a deed conveying eighty acres of land contained covenants of warranty against incumbrances, except a mortgage in a sum named, which sum was one-third of the amount of a mortgage covering the land conveyed and two other eighty-acre tracts, *held*, that, in the absence of evidence to the contrary, the presumption is that each of said eighty-acre tracts should bear one-third of the incumbrance, and that no right of action for the breach of such covenants in the deed would lie until, upon a foreclosure of said mortgage, the land conveyed was subjected to the payment of an amount in excess of one-third of the whole mortgage.

3. ——: ——: ——: ——. By the terms of said mortgage, any delinquent taxes paid by the mortgagee were made a lien upon the mortgaged premises. The mortgagee having paid the taxes upon the eighty-acre tracts other than that conveyed to the plaintiff, the latter took an assignment of such claim along with the mortgage. *Held*, that the presumption being that the land upon which the taxes were paid would sell for sufficient to cover such payment, an action, commenced before the foreclosure of said mortgage, for the breach of the warranty in the deed to the plaintiff, based upon his payment of said taxes, was properly abated.

4. ——: ——: ——: NOMINAL DAMAGES: APPEAL. A judgment
in an action for damages for the breach of covenants of warranty in
a deed will not be reversed upon appeal because of the failure to
allow the plaintiff nominal damages, even though it appear that the
plaintiff was, to such extent, entitled to relief.

*Appeal from Polk District Court.*—HON. CHARLES A.
BISHOP, Judge.

THURSDAY, MAY 26, 1892.

ACTION on the covenants against incumbrances
in a deed. The court below dismissed the action and
rendered judgment against the plaintiff for costs, from
which he appeals.—*Affirmed.*

*Read & Read,* for appellant.

*L. Twining* and *Macomber & Locke,* for appellee.

KINNE, J.—This action was tried to the court, a
jury having been waived. The district court found the
facts and conclusions of law based thereon as follows:
"*First.* On the —— day of ——, 1885, the defendant,
J. S. Lee, executed to the plaintiff a deed of convey-
ance for the south half ($\frac{1}{2}$) of the southwest quarter
($\frac{1}{4}$) of section twenty-one (21), township one hundred
(100), range twenty-five (25) west fifth principal merid-
ian, Iowa, with covenants of warranty against incum-
brances, except a mortgage of two hundred and sixty-two
dollars and seventy-five hundredths dollars ($262.75).
*Second.* That at the time of the execution and delivery of
said deed the said premises, together with the northeast
quarter of section thirty-three, township one hundred,
range twenty-five west fifth principal meridian, Iowa, was
in fact incumbered by a mortgage of seven hundred and
eighty dollars and sixty-three one-hundredths dollars
($780.63), bearing interest at eight per cent. from
December 16, 1882. The said sum of two hundred and
sixty-two dollars and sixty-five hundredths ($262.65)
mentioned in the deed to the plaintiff being the one-

third ($\frac{1}{3}$) part of such whole incumbrance, and it being understood by both parties, at the time of making the deed, that the plaintiff should assume and pay off one-third of such whole incumbrance. *Third.* That before the commencement of this suit the plaintiff, in order to discharge the premises so conveyed to him from the lien of said mortgage, the holder thereof having refused to release the said premises except upon payment and receipt by him of the entire sum secured by the mortgage, paid W. W. Lyons, the holder of said mortgage, the sum of nine hundred and seven dollars and twenty-hundredths dollars ($907.20), and the said mortgage and the notes secured thereby were assigned and transferred to the plaintiff by said Lyons, and the plaintiff thereupon became the owner and holder thereof. *Fourth.* That by the terms of said mortgage the taxes upon said land covered thereby, if paid by the holder of said mortgage, should be secured by such mortgage, and that said Lyons, as the holder of said mortgage, had paid the sum of one hundred and twenty-six dollars and twenty-hundredths dollars ($126.20) delinquent tax levied upon and assessed against the lands covered by said mortgage other than those conveyed to the plaintiff; that the claim for such taxes paid was also assigned by said Lyons to the plaintiff, and the plaintiff is now the owner and holder thereof. The court finds as conclusions of law that the plaintiff being the holder of said mortgage by assignment, and having taken no step to exhaust his remedy on the same by foreclosure or otherwise, this action is prematurely brought, and should now be abated.''

I. It is contended that the law in this state is, that a covenant against incumbrances is broken as soon as made, when there is an outstanding lien 1. DEED: warranty: breach: right of action. or incumbrance at the time, and that the right of action accrues in such a case to the covenantee immediately; that the grantee need not

wait until he is evicted.   And if the grantee extin-
guishes the incumbrance, he may recover the amount
so paid.   If he has not extinguised it he can recover
only nominal damages.   As to this there can be no
controversy.   *Funk v. Cresswell*, 5 Iowa, 62; *Knad-
ler v. Sharp*, 36 Iowa, 232; *Eversole v. Early*, 80 Iowa,
604; *Bradshaw v. Crossby* (Mass), 24 N. E. Rep. 47.
See, also, *Brandt v. Foster*, 5 Iowa, 296; *Kane v. Mink*,
64 Iowa, 86.   It appears, however, in the case at bar,
that the covenantee, Harwood, did not extinguish the
incumbrance.   He purchased the notes and mortgage,
took an assignment of them, and held them at the
time of the trial.   His situation then, was this: He had
bought in the incumbrance which existed upon the
land at the time he purchased it.   He also claims a
right to recover as against his grantor the amount of
the purchase price of said incumbrance.   The rule as
to recovery of the amount paid in these cases, as we
understand it, only applies when the incumbrance is
thereby discharged.   If this is not so, then it follows
that an evil-disposed grantee might buy in an incum-
brance before maturity, hold it unsatisfied, and recover
for a breach of the covenant of his deed, and then dis-
pose of his notes and mortgage to one in good faith
without notice before maturity, and for valuable con-
sideration, and thus, instead of being made whole,
greatly profit by the transaction.

II. The finding of facts shows that the deed cov-
enanted against all incumbrances except a mortgage of
two hundred and sixty-two dollars and
seventy-five cents.   That the premises pur-
chased were, in connection with two other
eighty-acre tracts, incumbered with a mortgage for
seven hundred and eighty dollars and sixty-three
cents, bearing eight per cent. interest from December
16, 1882; and the said two hundred and sixty-two

dollars and seventy-five cents was one-third of the whole incumbrance. The court further finds that at the time the plaintiff purchased the land he knew that this mortgage covered the three eighties, and that it was understood the plaintiff was to assume and pay one-third of the entire incumbrance. The presumption must be, in the absence of anything in the finding of facts to the contrary, that each of these three eighty-acre tracts should bear one-third of the incumbrance. Hence the court below correctly found that there could be no recovery until, by foreclosure, the property covered by the mortgage was exhausted. In other words, by his purchase of the mortgage, the plaintiff holds a lien upon lands not included in his deed, so that what will be required to make the plaintiff whole cannot be ascertained until the mortgage is foreclosed. Thus, if, on foreclosure of the mortgage and a sale had thereunder, the entire mortgage debt should be satisfied, together with interest and costs, no action would then lie upon the covenants of the deed. It is apparent that the plaintiff's damage or loss by reason of the breach of the covenants against incumbrances in the deed can only be determined when the remedy by foreclosure of the mortgage has been exhausted.

III. The court finds that the taxes paid were taxes upon other lands than the eighty purchased by the plaintiff, and that they are secured by the mortgage above mentioned. In view of these facts, and the presumption that the sale of the other land will produce sufficient to pay them, we cannot say that the decision of the court below with reference thereto was wrong.

3. —: —:

IV. It is insisted that in any event the plaintiff was entitled to nominal damages, inasmuch as when he took his deed the incumbrance was then outstanding, which constituted a breach of the covenant, and an action then

4. —: —: —: nominal damages: appeal.

accrued to him.   This is true, but we have often held
that we will not reverse a judgment because nominal
damages were not allowed, even though it appears that
the appellant was entitled thereto.   *Watson v. Van
Meter*, 43 Iowa, 76; *Rowley v. Jewett*, 56 Iowa, 492;
*Threshing Machine Co. v. Haven*, 65 Iowa, 359; *Wire
v. Foster*, 62 Iowa, 114.

The judgment of the court below is AFFIRMED.