A. W. McClure, Trustee, v. Eliza M. Dee and John C. Power, Trustee, Appellants.

**Action on Covenant of Ancestor:** statute of limitations. Where land conveyed by deed covenanting against incumbrances was subject to a lien at the time of conveyance, an immediate recovery by the grantee of nominal damages for the breach of such covenant would not have barred an action for substantial damages when the lien was asserted; and hence limitations did not begin to run against the right of action for breach of such covenant from the date of conveyance, but from the date when the lien was asserted.

Liability of heirs and devisees. Heirs and devisees are liable, to the extent of the property reaching their hands, for a breach of the ancestor's or testator's covenants to warrant and defend the title conveyed by such ancestor or testator in his life time; the ancestor's or testator's estate having been settled.

Parties: *Devisees.* Where a will bequeathed all of testator's property to his wife for life, with power to use both principal and income to supply herself with all the comforts and luxuries she might desire, with remainder to a trustee for several beneficiaries, an action for damages resulting from breach of testator's covenant of freedom from incumbrance was properly

brought against the wife and trustee, instead of the remainder
—men under the will, since the latter action might, under the
terms of the will, have been ineffectual.

**Demurrers:**  MOTION TO TRANSFER.  Under Code, section 3432, pro-
viding that an error as to the kind of proceeding adopted shall
not cause abatement on dismissal, but merely a transfer to the
proper docket, a question as to the form of action cannot be
presented by demurrer, but only by motion to transfer to the
proper docket.

CONSTRUED:  *Liability of heir.*  A demurrer on the ground that
neither defendant had wrongfully converted any of testator's
property to his own use, and that the title to the property did
not vest in the defendants in fee, did not present the question
whether the trustee took any interest in the personalty prior
to the death of the wife.

*Appeal from Des Moines District Court.*—HON. JAMES D.
SMYTHE, Judge.

TUESDAY, FEBRUARY 4, 1902.

THE facts set out in the petition may be summarized
as follows:   On April 19, 1879, one Warren Dee, being
the owner of a tract of real estate which was subject to a
judgment in favor of John S. Woolson, sold and conveyed
said real estate, for a valuable consideration, to the West-
ern Wheel Scraper Company, and the latter, on
March 3, 1897, conveyed the same to plaintiff.   The
deed from Dee contained general covenants of war-
ranty.   On October 5, 1897, plaintiff was compelled to, and
did, pay said judgment; the amount expended being $850.
Warren Dee died testate, and his estate was closed and set-
tled prior to the satisfaction of said judgment.   Defendant
Eliza M. Dee is the wife of Warren Dee.   The will of the
latter contained the following provisions:

"First.    I hereby give and bequeath to my beloved wife,
Eliza M. Dee, for and during her natural life, all of

my property, both real, personal and mixed; and my said wife is hereby authorized and empowered to use said property, as well the principal as the rents and profits and interest, for her support, and for the purpose of supplying all the comforts and luxuries she may desire. But as my wife has no near relatives, it is my purpose and desire that her use of said property be limited to the aforesaid purposes. Second. Subject to the above bequest, I hereby give and bequeath all of the personal property not used and consumed by my wife to John C. Power, as trustee only, and I direct said trustee to convert said property into money and distribute the same as follows. [Here follow the names of a large number of collateral relatives to whom the residue of personal property is to be ultimately distributed. He then disposes of what real estate may be remaining at his wife's death, closing as follows:]" It being my intention to bequeath hereby only such real estate as shall not have been disposed of by my wife, and not to interfere with her control of same as provided by item first hereof. It is further intended that the legacies provided for herein, other than to my wife, are not to take effect or be in force until after the death of my said wife." Since this appeal was taken, Eliza M. Dee has died, and John C. Power is executor of her estate. The estate of Warren Dee, consisting of both real and personal property, was largely in excess of the amount here claimed. Judgment is asked against both Eliza M. Dee and John C. Power, trustee, for the sum of $850, with interest. The following demurrer was interposed to the petition: "(1) Said cause is barred by the statute of limitation. (2) The facts stated do not entitle the plaintiff to the relief prayed for, in this: (a) Defendants were not parties to the deed upon which this action is based; (b) neither of the defendants has wrongfully converted any property belonging to said Warren Dee to their own use; (c) it appears from the petition and amendment

that the property which came into the hands of the defendants under the will of Warren Dee did not vest in them in fee, but for specific purposes, the title to the same not being in the defendants, or either of them." The demurrer was overruled. Defendants electing to stand thereon, judgment for costs was rendered against them. They appeal.—*Affirmed*.

*Power & Power* for appellants.

*Babb & Babb* for appellee.

WATERMAN, J.—In disposing of the case, we shall follow counsel in the order of consideration of the questions presented.

According to the earlier common law, an heir was liable for the specialty debts of his ancestor to the extent in value of the assets (real estate) which descended to him. Rawle, Covenants 309, 310; Bacon Abridgement tit. "Heir" (579). In two material respects this rule has been extended,—first by an English statute (3 & 4 W. & M.), which is a part of the common law of this country (*O'Ferrall v. Simplot,* 4 Iowa, 389), and by which such liability was imposed, also, upon devisees (*Muldoon v. Moore,* 55 N. J. Law, 410 (26 Atl. Rep. 892, 21 L. R. A. 89); Rawle, Covenants Section 311). But irrespective of this statute, the provisions of our law making real property liable for the debts of the owner are in line of development of the common-law principle to which we have adverted, and operate to impress such property with a trust to secure payment of the ancestor's debts, when it is found in the hands either of an heir or devisee. *Rohrbaugh v. Hamblin,* 57 Kan. 393, (46 Pac. Rep. 705, 57 Am. St. Rep. 334) And next an alteration grew out of the statutes of those states (our own among them) which provide for the descent of personality in the same manner and to the same per-

sons as real estate. The effect of these statutes is to impose a liability upon the heir for the value of the personality received, as well as the real estate. *Hall v. Martin,* 46 N. H., 337. According to the common law, the heir or devisee was not liable for breach of covenant, unless expressly bound. But this rule does not apply to covenants which run with the land. *Morse v. Aldrich,* 19 Pick. 449. The covenant in Dee's deed was general; that is, against incumbrances, and to warrant and defend the title. A covenant against incumbrances does not usually run with the land, for it is broken as soon as the conveyance is made. Martindale, Conveyance p. 139; *Clark v. Swift,* 3 Metc. (Mass.) 392. In England such a covenant is coupled with one for quiet enjoyment, that being the form which corresponds with our warranty of title; and in such case it runs with the land, for it is then broken only by eviction. Rawle, Covenants 89; *Anderson v. Knox,* 20 Ala. 156. Whether the covenant in this case extended in terms to quiet enjoyment does not appear. We think, however, that must be its effect. But the matter is not significant, for the general covenant to warrant and defend the title runs with the land in all cases. 4 Kent, Commentaries, 528. The heirs and devisees are bound for a breach of this covenant. Of course, to bind either heirs or devisees it must appear that the ancestor's estate was settled and closed before the claim accrued to the covenantee. The petition alleges such to have been the case in this instance. We are of the opinion plaintiff has a right of action for breach of covenant. The case of *Rohrbaugh v. Hamblin,* cited above, which is quite similar in its facts to the one before us, sustains this conclusion fully.

II. This brings us to the next question presented by the demurrer. Is the claim in suit barred by the statute of limitations? The judgment was a lien on this land when Dee conveyed, and the covenant against incumbrances was therefore at once broken. *Harwood v. Lee,* 85 Iowa, 622. The grantee could have sued at once,

but he would have recovered only nominal damages. Id. The
warranty of title, which includes an assurance of possession,
was not broken until the judgment, which was still a lien,
was asserted against plaintiff and satisfied by him in the
year 1897. This action was brought in August, 1898. In
*Knadler v. Sharp,* 36 Iowa, 234, it is said: "The true rule
in such cases, doubtless, is that the covenant against incum-
brances is broken upon the making of the conveyance, so that
the grantee might then maintain an action and recover nom-
inal damages; but such action and recovery would not de-
feat or prevent another action by that grantee, or by the
grantee of that grantee, however remote, when and after
either had been required to discharge the incumbrance in
order to protect his title. The breach as to the amount thus
required to be paid would not occur until the payment, and
then in favor of the party holding the title and making the
payment." This doctrine has support in other decisions
of this court in which it is held that the technical breach of
covenant against incumbrances entitles one to but nominal
damages, and a substantial recovery only can be had upon
the satisfaction of the lien. *Norman v. Winch,* 65 Iowa,
263; *Nosler v. Hunt,* 18 Iowa, 212. It is also sustained
by decisions of courts of other states. *Cheney v. Straube,* 35
Neb. 521, (53 N. W. Rep., 479); *Wyatt v. Dunn,* 93 Mo.
459, (2 S. W. Rep. 402, 6 S. W. Rep. 273); *Hunt v. Marsh,*
80 Mo. 396; *Guerin v. Smith,* 62 Mich. 369, (28 N. W.
Rep. 906); *Post v. Campau,* 42 Mich. 98, (3 N. W. Rep.
277). In the last mentioned case, Mr. Justice Cooley,
speaking for the court says: "The doctrine that the stat-
ute shall run from the technical breach makes the covenant
in many cases a mockery. If the incumbrance consists of
a mortgage having many years to run, the covenantee has no
right to pay it off until it falls due and the fiction of a right
to present action would defeat substantial redress." We
do not think the decisions of this court which are cited by
appellants as sustaining their position conflict with the

rule above announced.    The language quoted from *Funk v. Creswell,* 5 Iowa, 62, was employed in discussing the question whether a grantee could voluntarily satisfy an incumbrance existing upon the land when he took title, or whether he must wait until it was enforced against him.    In *Yancey v. Tatlock,* 93 Iowa, 386, the action was brought within 10 years from the date and delivery of the deed, so the issue here considered could not have been involved.    In *Harwood v. Lee, supra,* the question before the court was only whether a grantee who had bought in, but who had not satisfied, the incumbrance, was entitled to damages.    No duty rested on plaintiff to satisfy this incumbrance until it was asserted against him.    Therefore defendants cannot complain of the delay.    The claim, in our opinion, was not barred.

III.    It is next insisted this action should have been in equity, and against those entitled to the probable reversion.    As Eliza M. Dee had the right of disposal of this property to supply her wants or gratify her wishes it is manifest she was a necessary party defendant.    To have brought the action against those only who were entitled to what was left on her death might well have been ineffectual, for there was no assurance when this action was brought or when it was tried in the district court that there would be any remainder.    We do not think her own personal estate is liable for this judgment, leaving the whole remainder of Warren Dee's estate free from liability.    By proper proceeding, Warren Dee's property can be made to bear the burden.    We are not called upon to determine exactly what estate Eliza M. Dee took under the will of her husband.    If she took an estate in fee, there is certainly no merit in the point we are now considering.

IV.    It is said that Power was not, in any event, a proper party defendant.    He is a party in his trust capac-

ity only. The demurrer was joint, raising no issue on behalf of Power which was not raised on the wife's behalf. But, aside from this fact, it does not present the question discussed in this connection, viz., whether Power, as trustee, took any interest in the personality prior to the death of Eliza M. Dee. Perhaps the residuary legatees should also have been made parties, and the action should have been in equity, but the first of these matters is not covered by the demurrer, nor is any assignment of errors sufficient to raise it, and the other matter could be presented only by motion to transfer to the proper docket. Code, Section 3432. The demurrer does not put in issue the fact that some interest or title vested in Power as trustee under the will, but asserts it was not a fee. If any interest passed, it was because the wife did not take an absolute estate; and, if this was the case, Power, as trustee, taking a legal interest, was a proper party. *Tucker v. Silver,* 9 Iowa, 261; *Darlington v. Effey,* 13 Iowa, 177. Perhaps the petition should have alleged against Power that the personal assets, which alone vested in him, were sufficient in value to satisfy plaintiff's claim. It did not do this. But again we must say the demurrer does not present the question, nor is it discussed by counsel.

We discover no error, and the judgment is AFFIRMED.