MORTGAGE SECURITY CORPORATION OF AMERICA *v.* HARTMAN *et al.*

(Division A. Nov. 10, 1930.)

[130 So. 739. No. 28922.]

536

G. W. Snowden and Hughes & Nobles, all of Jackson, for appellant.

P. Z. and R. L. Jones, of Brookhaven, for appellees.

Argued orally by **George Nobles**, for appellant.

**Cook, J.**, delivered the opinion of the court.

On and prior to the 15th day of September, 1926, H. L. Simmons owned a certain lot located in the city of Jackson, Mississippi. On that date he negotiated a loan of two thousand one hundred dollars from the Mortgage Security Corporation of America, of Norfolk Virginia, and, as evidencing the same, he executed one promissory note for two thousand two hundred dollars, and one for four hundred seventy-five dollars, both of these notes being payable to bearer, and being secured by deed of trust executed by him, conveying the aforesaid lot to certain trustees to secure the payment of these notes as the interest and installment payments thereon became due. Thereafter, on the 27th day of November, 1928, the said H. L. Simmons sold and conveyed the said lot to Mrs. M. J. Hartman by warranty deed which recites, among other considerations, that "the grantee herein, Mrs. M. J. Hartman, is to assume and pay . . . my indebtedness to the Mortgage Security Corporation of America, Norfolk, Virginia, in the sum of one thousand nine hundred eighty-seven dollars." After her purchase

of the said lot, Mrs. M. J. Hartman defaulted in the payments required by the terms of said notes and deed of trust, and in October, 1929, the Deposit Guaranty Bank & Trust Company, local trustee in the deed of trust, advertised the property for sale on November 4, 1929.

After the property covered by this deed of trust was advertised for sale, H. L. Simmons, the original mortgagor, and Mrs. M. J. Hartman, his vendee, appellees herein, filed a bill of complaint against the trustees named in the deed of trust and the Mortgage Security Corporation of America, appellant herein, setting forth in detail the above-stated facts, and alleging that, when the appellee Simmons secured the said loan, he was required to execute a note for two thousand two hundred dollars, although he only received two thousand dollars on the note, and that he was also required to execute an additional note in the sum of four hundred seventy-five dollars, for which he received no money whatever, but that this note was executed under the guise of a payment for brokerage charges and commissions, when, in fact, it was an interest charge, and that the interest charge was probably more than twenty per cent and certainly more than eight per cent, and therefore usurious.

The bill of complaint further charged that payments had been made on said indebtedness, and that, upon learning of the unlawful and usurious interest charges, the appellee Mrs. Hartman refused to make further payments, whereupon the local trustee named in the deed of trust advertised the property for sale, according to the terms of the deed of trust; that, the interest rate being more than twenty per cent, the entire indebtedness should be declared forfeited; but that, in any event, the interest rate was in excess of eight per cent, and that all interest was therefore forfeited, and all sums already paid should be credited on the principal of said indebtedness. The bill further charged that the appellee Mrs. Hartman was ready and willing to carry out her

contract, but that the defendant, the Mortgage Security Corporation, was demanding a balance of two thousand four hundred seventy-five dollars, which was largely in excess of the amount actually due, and that appellees were entitled to have the said indebtedness purged of usury, and to have an accounting, to show what interest rate was charged, and what amount, if any, was due to the Mortgage Security Corporation of America, and prayed, among other things, for the issuance of an injunction, restraining the sale of the property until the final hearing of the cause.

A temporary injunction was issued, as prayed for in the bill of complaint, and thereafter the several defendants filed their answers. The answer of the Mortgage Security Corporation of America admitted that it had made a loan of two thousand one hundred dollars to the appellee Simmons, but denied that the indebtedness was usurious, and specifically denied all the charges of usury set forth in the bill of complaint, and alleged that whatever amount over two thousand one hundred dollars the appellee Simmons was obligated to pay was for legal and legitimate brokerage charges, incidental expenses, commissions, insurance fees, and other proper expenses in connection with the making of the loan. Their answer further denied that there was a balance of two thousand four hundred seventy-five dollars due on the said indebtedness, and averred at length that, at the time the appellee Simmons sold the property to Mrs. Hartman, there was an accounting or agreement had between the appellee Simmons and the appellant, Mortgage Security Corporation, whereby it was determined and agreed that there was a balance of one thousand nine hundred eighty-seven dollars due on said indebtedness, and that the said Mrs. Hartman agreed to assume that indebtedness as a part of the purchase price of the land, and that the appellee Simmons allowed her credit on the purchase price for that sum. The answer further charged that

the notes secured by the deed of trust were negotiable, and were then held by innocent purchasers for value, who held them without notice of any alleged charges of usury, and, further, that the appellee Simmons was not entitled to any relief in the matter, for the reason that the bill of complaint and exhibits showed that he had parted with his interest and title in and to the property prior to the attempted trustee's sale.

Upon the filing of the answers to the bill of complaint, a motion was made for the dissolution of the injunction upon the bill of complaint, answers of defendants, depositions, and the oral and documentary evidence; and, after hearing this motion, the chancellor entered a decree overruling the same, and granting an appeal to this court.

For reversal of the decree of the court below the appellant relies principally upon the contention that a vendee of mortgaged property cannot set up the defense of usury where the deed to such vendee recites the assumption of a fixed and definite amount or balance due under the terms of the mortgage, and such amount is a part of the purchase price of the land; the exact contention of appellant upon this point being that, when the appellee Mrs. Hartman purchased the property in question, she knew that it was subject to the lien of a deed of trust, and knew the balance due thereon, as shown by the terms and provisions of the trust deed, that she agreed to this amount, and accepted a deed wherein she assumed to pay this amount, which was admittedly a part of the consideration for the sale, and that consequently she is estopped from asserting that the obligation secured by the deed of trust is usurious. The authorities seem to be practically uniform in support of the doctrine that a vendee of mortgaged property who assumes and agrees, as a part of the purchase price of the property, to pay a fixed and definite balance due according to the terms and provisions of the mortgage, cannot set up the defense of usury in the mortgage debt. The rule seems to be dif-

ferent, however, where the agreement is to pay "what was legally due," or the "balance due." In 27 R. C. L. 289, it is said that "an agreement by a vendee of real estate to pay the balance on a mortgage existing on the land he purchased will be construed to mean what is legally due on the mortgage, and therefore it will not cover usurious exactments;" and this court is in accord with this announcement. In the case of McAlister v. Jerman, 32 Miss. 142, it was held that the agreement of a purchaser of land upon which there is an incumbrance to secure a debt due by the vendor to pay the balance due on such debt means "merely the balance legally due," and that consequently the purchaser may make the same defense as to usury that the vendor could have made.

The question presented by this record, however, is not limited to that of whether or not a vendee of mortgaged property alone may make the defense of usury in the mortgage debt, where he has assumed to pay a fixed and definite balance shown to be due on the face of the mortgage; but the question here is whether or not such defense may be made by the original mortgagor and his vendee jointly. In a number of states it has been held that a mortgagor in a usurious mortgage, who has sold the mortgaged premises to another, subject to such mortgage, the amount of which was deducted from the purchase price, may join with his vendee in a proceeding to have the amount of the usury exacted deducted from the mortgage. It was so held in the case of Valentine v. Fish, 45 Ill. 462, where the court said that such a mortgagor may join with his vendee in such proceeding, although he may have no present pecuniary interest in the matter. In the case of Stephens v. Muir, 8 Ind. 352, 65 Am. Dec. 764, it was held that, if a mortgagor is made a party to a foreclosure, or consents to making the defense of usury to a mortgage which he executed, his grantee who has assumed the debt may make such defense, while in Harper v. Middle States Loan, Bldg. & Const. Co., 55

W. Va. 149, 46 S. E. 817, 2 Ann. Cas. 42, it was held that "a purchaser of real estate charged with a usurious debt cannot defend against the usury unless the debtor unites with him in the defense, or his acquiescence in and consent to such defense appears in the record." In Huston v. Stringham, 21 Iowa, 36, it was held that a mortgagor of premises which he subsequently sells may join with his vendee in defending a proceeding to foreclose such mortgage, and make the defense of usury to it.

We think the cases above referred to announce the proper rule, and especially so in view of our statute, section 1946, Code 1930, which provides that, "if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit." In the case at bar, the original grantor in the deed of trust has joined with his vendee in the bill of complaint charging the exaction of usurious interest, and praying for an accounting as to the interest charged, and the amount due after purging the indebtedness of usury, and crediting the indebtedness with all payments made. The appellee Simmons, the original maker of the notes and grantor in the deed of trust executed to secure the payment of the same, was still liable on the notes; and, by the express provisions of the above-mentioned statute, if more than eight per cent interest is stipulated for or received, all interest shall be forfeited, and may be recovered if paid. In view of the provisions of this statute, we think the appellee Simmons was a proper party to a proceeding to purge the indebtedness of usury, and to have a sale of the property stayed until a final hearing of the cause, and that, since he and his vendee have joined in the proceeding seeking so to do,

the court below committed no error in retaining the injunction until the final hearing of the cause on its merits. The decree of the court below will therefore be affirmed.
    Affirmed.